# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**CHARLES J. MULLER,**

       **Petitioner,**

      **v.**                         **Case No. 26-CV-37**

**WILLIAM HYATTE,**[1]
     *Warden, Miami Correctional Facility,*

      **Respondent.**

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

On January 8, 2026, Charles Muller filed a pro se petition for writ of habeas corpus. (ECF No. 1.) Muller was evidently detained in this district at the Dodge County Jail at the time he filed his petition. (*See* ECF No. 1-1 (Immigration Detainee Request Form referencing Dodge County Jail); ECF No. 1-2 (return address on envelope for Muller's

---

[1] "Pursuant to federal habeas statute, the proper respondent to a habeas petition is the person who has custody over the Petitioner." *Levario-Garcia v. Prim*, No. 16-C-11364, 2017 WL 1181592, 2017 U.S. Dist. LEXIS 46849, *4 (N.D. Ill. Mar. 29, 2017) (citing 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The Seventh Circuit has made clear that in the immigration context, the warden where the alien is detained pending removal is the proper custodian for habeas purposes, and not other federal actors." *Id.* (citing *Kholyavskiy v. Achim*, 443 F.3d 946, 953–54 (7th Cir. 2006)). Muller named Dodge County Sheriff Dale Schmidt as the respondent because he was in custody at the Dodge County Jail at the time of filing his petition. Muller was since transferred to the Miami Correctional Facility, and the official in charge of that facility is Warden William Hyatte. The Clerk of Court shall update the caption to replace Dale Schmidt with Warden William Hyatte as the respondent and terminate the United States as a party to this action.

petition listing the address for the Dodge County Jail.) But he has since been transferred to the Miami Correctional Facility in Bunker Hill, Indiana. (*See* ECF No. 7 (notice of change of address received February 2, 2026).) Because Muller was detained in this district at the time of filing his petition, this court can properly hear his petition. *See Arizmendi v. Noem*, No. 25-C-13041, ___ F. Supp. 3d ___, 2025 WL 3089107, at *1 n.2 (N.D. Ill. Nov. 5, 2025) (quoting *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021) ("a prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction")).

The court received Muller's $5 filing fee on January 15, 2026, but Muller filed a request to proceed without prepaying the filing fee on January 26, 2026. (ECF No. 5.) Because the court is owed nothing further at this time, Muller's request (ECF No. 5) will be denied as moot.

Muller's petition does not indicate under which statutory provision he brings this action. The court will presume it is 28 U.S.C. § 2241 because a habeas petition under this section can serve as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *see also Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000) (noting that § 2241 petitions are used to challenge the fact or duration of confinement).

Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2), the court may apply the Rules Governing Section 2254 cases to habeas

petitions under 28 U.S.C. § 2241. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must screen the petition to determine whether it may proceed. *See* Rule 4, Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

According to the petition, Muller has been "unconstitutionally detained" since December 11, 2025, without an opportunity to see a judge (immigration or otherwise). (ECF No. 1.) He attached an Immigration Detainee Request Form to his petition, which indicates that Muller requested to see a judge "to plead my case ASAP," but ICE responded on the form on December 31, 2025, "You do not have to [sic] right to see the judge as you were ordered removed by an immigration judge. ICE is in the process of requesting a travel document from your country and scheduling your removal." (ECF No. 1-1.) Muller says that he requested a hearing to challenge the basis for his detention. (ECF No. 1.) He claims that he entered the county legally more than thirty years ago and that he has never seen any judge or procedure to effectuate removal proceedings. (*Id.*)

About three weeks after filing his petition, Muller filed a letter with the court explaining that he came to the United States from South Africa as a four-year-old child, that his parents told him that he was "all good with [his] paperwork," and that he learned later in life "that was a lie." (ECF No. 3.) He indicates it will be unsafe for him to return to South Africa and requests a chance to plead his case. (*Id.*)

Muller appears to be challenging both the merits of the alleged removal order against him and his ongoing detention. The court will address each issue in turn.

First, this court cannot participate in, or facilitate, a review on the merits of a removal order. Challenges to the adjudication of an immigration case or the execution of a removal order are outside the authority of this court. *See E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) (observing that "challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review"). Instead, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions," related to a removal order is exclusively available with the Court of Appeals after a final removal order has been issued. *See* 8 U.S.C. § 1252(a)(5), (b)(9) (observing that no court shall have jurisdiction to review a final order of removal by any habeas corpus provision).

Second, this court can hear challenges to the lawfulness of an immigrant's detention. *See* 28 U.S.C. § 2241(c)(3) (providing that habeas relief is available whenever an individual "is in custody in violation of the Constitution or laws or treaties of the United States"). However, Muller has not identified a legal violation related to his ongoing detention. Federal law mandates that the Attorney General detain an immigrant once his order of removal becomes administratively final. *See* 8 U.S.C. § 1231(a)(1)(B), (a)(2)(A). Muller has not provided sufficient detail to determine whether his order of removal is administratively final. If Muller is currently pursuing relief in removal

4

proceedings, he may be entitled to a bond determination hearing. *See, e.g.,* 8 U.S.C. § 1226 (providing that an immigrant "may" be detained "pending a decision on whether [he or she] is to be removed from the United States").

Because the petition lacks sufficient detail to state a claim to relief, the court will allow Muller to file an amended petition if he wishes to proceed with this action. If he files an amended petition, it will replace the original petition and must be complete without reference to the original petition. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021).

**IT IS THEREFORE ORDERED** that Warden William Hyatte is **substituted** as the respondent and the United States is **terminated** as a party to this action.

**IT IS FURTHER ORDERED** that Muller's request to proceed without prepaying the filing fee (ECF No. 5) is **denied as moot.**

**IT IS FURTHER ORDERED** that Muller must file an amended petition with the court no later than **April 10, 2026. <u>If Muller fails to do so the court will dismiss his petition.</u>**

**IT IS FURTHER ORDERED** that all of the petitioner's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The petitioner should also retain a personal copy of each document.

The petitioner is further advised that failure to comply with all deadlines in this matter may have serious consequences, up to and including the loss of certain rights or the dismissal of this entire action.

In addition, the petitioner must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 17th day of March, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge