# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHARLES J. MULLER,**

**Petitioner,**

**v.**

**Case No. 26-CV-37**

**WILLIAM HYATTE,**
*Warden, Miami Correctional Facility*,

**Respondent.**

# RECOMMENDATION AND ORDER

On January 8, 2026, Charles Muller filed a pro se petition for writ of habeas corpus. (ECF No. 1.) Upon screening, the court determined that Muller failed to state a claim for habeas relief but offered him the opportunity to file an amended petition. (ECF No. 11.) Muller filed an amended petition on April 20, 2026. (ECF No. 18.)

## 1. Background

Muller came to the United States from South Africa as a minor child in 1993. (ECF No. 18 at 2.) He and several other family members applied for asylum and withholding of removal, but the Immigration Judge denied this relief, and the Board of Immigration Appeals ("BIA") dismissed their appeal. (*See* ECF No. 18-1 at 12–14 (decision of BIA dated

July 24, 1998).) The BIA's decision stated that Muller and the other respondents were permitted to depart from the United States voluntarily within thirty days. (*Id.* at 13–14.)

The present record is unclear as to what happened next, but it appears Muller stayed in the United States. On December 11, 2025, Immigration and Customs Enforcement ("ICE") issued a notice of revocation of supervised release due to "changed circumstances" in his case. (*See* ECF No. 18-1 at 1.) Muller states that he had "been checking in with ICE every time [he] was supposed to since 2008 and only missed one check-in and after trying to contact ICE to reschedule [he] wasn't able to because there is no number to call." (ECF No. 18 at 1.) Muller states that ICE picked him up from the county jail in Shawano, Wisconsin. (*Id.*; *see also* ECF No. 18-2 at 8 ("Assumption of Custody Notification" reflecting that ICE arrested Muller in Shawano, Wisconsin on December 11, 2025).)

Muller states that he was taken to the Dodge County Jail and requested to see a judge but was told that he did not have the right to see a judge. (ECF No. 18 at 1.) Muller was evidently detained in this district at the Dodge County Jail at the time he filed his original habeas petition. (*See* ECF No. 1-2 (return address on envelope for Muller's petition listing the address for the Dodge County Jail.) He has since been transferred to the Miami Correctional Facility in Bunker Hill, Indiana. (*See* ECF No. 7 (notice of change of address received February 2, 2026).)

2

## 2. Procedural Matters

Because Muller was detained in this district at the time he filed his petition, this court can properly hear his petition. *See Arizmendi v. Noem*, 812 F. Supp. 3d 819, 823 (N.D. Ill. 2025) (quoting *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021) ("a prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction")).

Muller's petition does not indicate under which statutory provision he brings this action. The court will presume it is 28 U.S.C. § 2241 because a habeas petition under that section can serve as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *see also Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000) (noting that § 2241 petitions are used to challenge the fact or duration of confinement).

Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2), the court may apply the Rules Governing Section 2254 cases to habeas petitions under 28 U.S.C. § 2241. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must screen the petition to determine whether it may proceed. *See* Rule 4, Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

### 3. Analysis

Muller alleges that his due process rights were violated because he has not been allowed to fight his case or speak with a judge since ICE detained him in December 2025. (ECF No. 18 at 1.) He asks to be released from detention to help provide and care for his wife and children while he works toward obtaining proper documentation. (*Id.* at 2.) He identifies several reasons why he should not be sent to South Africa, including that he had no choice to leave there as a minor child, does not speak the language, and it will be a "death sentence" due to being white and sounding American. (*Id.* at 3.)

Muller appears to be challenging both the merits of the alleged removal order against him and his ongoing detention. As the court explained in its order screening Muller's original habeas petition, this court cannot participate in, or facilitate, a review *on the merits* of a removal order. (*See* ECF No. 11 at 4.) Instead, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions," related to a removal order is exclusively available with the Court of Appeals after a final removal order has been issued. *See* 8 U.S.C. § 1252(a)(5), (b)(9) (observing that no court shall have jurisdiction to review a final order of removal by any habeas corpus provision). Therefore, Muller must seek relief regarding his removal order from the Seventh Circuit Court of Appeals if he remains within that court's jurisdiction.

This court can, however, hear challenges to the lawfulness of an individual's detention pending removal. *See* 28 U.S.C. § 2241(c)(3) (providing that habeas relief is

available whenever an individual "is in custody in violation of the Constitution or laws or treaties of the United States"). But Muller has not identified a legal violation related to his ongoing detention.

One of the exhibits that Muller attached to his amended petition states that ICE has determined he will not be released from custody because he is refusing to complete and sign the travel document application form. (ECF No. 18-2 at 2.) The exhibit, which is dated February 6, 2026, also states that Muller is "still within the removal period" and that the removal period may be extended if he continues not to cooperate. (*Id.* (citing Section 241(a)(1)(C) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1231(a)(1)(C)).)

Under 8 U.S.C. § 1231(a)(1), the Attorney General has a period of ninety days to remove an individual who has been ordered removed from the United States, and that period "shall" be extended if the individual "fails or refuses to make timely application in good faith for travel or other documents necessary" for his removal. Federal law mandates that the Attorney General detain an individual "[d]uring the removal period." *See* 8 U.S.C. § 1231(a)(2)(A).

The "removal period" begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the

noncitizen's release from non-immigration detention or confinement. *See* 8 U.S.C. § 1231(a)(1)(B).

The amended petition and attached exhibits do not clearly reveal when Muller's removal period began. The ICE notice of revocation of release, dated December 11, 2025, states that Muller was already "subject to an administratively final order of removal." (ECF No. 18-2 at 1.) Combined with Muller's ongoing detention since December 11, 2025, this documentation suggests that Muller's ninety-day removal period may have already expired. *See* 8 U.S.C. § 1231(a)(1)(B). Although the removal period may be extended under 8 U.S.C. § 1231(a)(1)(C), it cannot result in indefinite detention. *See Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court has determined that six months is a presumptively reasonable period of detention to facilitate removal, after which an individual "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *See id.* at 701.

Muller has not provided any evidence to suggest that ICE has improperly deemed him to be within the "removal period" or that he is otherwise pursuing relief in removal proceedings. Muller has been detained for less than six months and, regardless, he has made no showing that his removal is not reasonably foreseeable. In fact, the attached exhibit demonstrates that ICE is attempting to obtain travel documents for him to South Africa. *See Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *5, 2025 U.S. Dist. LEXIS 266513, at *14 (N.D. Ind. Dec. 29, 2025) (granting habeas petition where there was

6

no evidence that the government "reached out to Vietnam about travel documents for [the petitioner] or even that repatriation negotiations [were] underway").

## 4. Conclusion

Because it plainly appears from the amended petition and attached exhibits that Muller is not entitled to habeas relief in the district court, the court will recommend that his amended petition be dismissed. While Muller may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if appropriate.

Because not all parties have had the opportunity to consent[1] to the jurisdiction of a magistrate judge, the Clerk of Court will randomly assign the case to a district judge for consideration of this court's recommendation that the action be dismissed. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority").

**IT IS THEREFORE RECOMMENDED** that Muller's amended petition and this action be **dismissed without prejudice**.

---

[1] Assistant U.S. Attorney Stuart D.P. Gilgannon filed a notice of appearance for the United States "as an interested party" (ECF No. 6) and then filed a magistrate judge jurisdiction form (ECF No. 9) purportedly on behalf of the original respondent Dale J. Schmidt, who is the Dodge County Sheriff. The court subsequently ordered William Hyatte, who is the warden of the facility where Muller is now confined, to be substituted for Schmidt as the respondent. (ECF No. 11 at 1 n.1.) In sum, AUSA Gilgannon is not actually representing the past or present respondent, and the respondent's purported consent is therefore ineffective. The Clerk of Court shall correct the docket in these respects.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 23rd day of April, 2026.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

8